# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JERMIL WHITE**                                                                                        **PETITIONER**

v.                                              **4:21-cv-00234-BRW-JJV**

**DOE**                                                                                                    **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     INTRODUCTION

Pending is Mr. White's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. No. 1.) I have conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed.

Relief under § 2241 shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "If 'it plainly appears from the petition that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). To avoid summary dismissal of a § 2241 petition, a petitioner must state facts that "point to a real possibility of constitutional error" or violation of federal law. *Mayle*, 545 U.S. at 655. Here, for the following reasons, Mr. White's Petition is without merit and – based on *Mayle* – summary dismissal is appropriate.

II.	FACTS

Mr. White challenges the State's application of his sentences of probation. Mr. White has two probation sentences: *Arkansas v. White* 39CR-09-126 and *Arkansas v. White* 39CR-13-10. In his first case, on May 3, 2010, the court imposed a ten-year term of unsupervised probation ending May 3, 2020. (Doc. No. 1 at 23.) Later, on January 7, 2014, the court imposed a three-year term of unsupervised ending on May 3, 2023. (*Id.* at 13.) Mr. White seeks habeas relief because he believes his sentences of probation were supposed to run concurrently. He says, "In the state's system it is still showing a[n] end date of May 2023 when correct end date is May 2020. Probation is to be ran concurrently." (*Id.* at 2.) Mr. White is also now awaiting sentencing in case 4:18-cr-217-LPR and believes this alleged error will negatively impact his sentence in federal court[1].

II.	ANALYSIS

A. Ripeness

Article III of the United Stated Constitution limits the federal courts to deciding "cases" and "controversies." U.S. CONST. art. III. To ensure that any matter presented to the federal court meets that requirement, the Court considers the doctrines of standing, ripeness, and mootness. *Poe v. Ullman*, 367 U.S. 497, 502-05 (1961). The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967) (overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977)). The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of

---

[1] Mr. White also is awaiting trial in 4:19-cr-00559-KGB.

specific future harm. *Laird v. Tatum*, 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations omitted).

While Mr. White's petition anticipates harm. However, no harm from this alleged error has befallen him at this juncture. For this reason, Mr. White's petition is not ripe and therefore, he presently lacks standing under Article III.

B. <u>Failure to State a Constitutional Claim</u>

A person seeking habeas relief in the United States District Court is required to bring a claim that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a); *see also, e.g.*, *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Mr. White's claim that the state system incorrectly reflects his probation end date, is premised on a state law error and cannot be the basis for habeas relief.

C. <u>On the Merits</u>

Most significantly, the probation documents on their face show that Mr. White was sentenced to consecutive terms of probation. The Order and Conditions of Unsupervised Probation states:

> . . . the Court finds the Defendant guilty of the offense(s) described in the Plea Statement and those conditions, as executed by the Defendant, and places the Defendant on unsupervised probation for a period of 3 years ending on 5-3-2023, expressly conditioned upon the Defendant's strict compliance with each of the following conditions, which shall bear Defendant's signature as evidence of the Defendant's understanding and agreement.

(Doc. 1 at 13.)

The last page of this Order bears Mr. White's signature, stating:

4

> I, the undersigned Jermil White hereby acknowledge that I have received a copy of this statement and the listed conditions. I fully understand the above listed conditions are being imposed upon me and the consequences of my violation of any of those said conditions as given to me.

(*Id.* at 14.)

Petitioner signed the Order and Conditions of Unsupervised Release, which clearly states on the first page that he was to be on unsupervised probation for a period of three years ending on May 3, 2023. (*Id.* at 13.) Under the Arkansas Code, "when multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively." Ark. Code Ann. § 5-4-403 (2001). His claims that his terms of probation were to end on May 3, 2020 are wholly without merit.

Additionally, even if Mr. White's probation ended May 3, 2020, he would still receive the enhancement under the United States Sentencing Guidelines. The Guidelines look to whether or not Mr. White was under a criminal justice sentence on *the date of the federal offense*, not the date of sentencing. The offense to which Mr. White pleaded guilty occurred on January 9, 2018. Pursuant to United States Sentencing Guidelines §4A1.1(d), "Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Therefore, Mr. White's petition fails on the merits.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

DATED this 5th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE